THE LAW OFFICE OF
LOUIS J. LAMATINA
South 105 Farview Avenue
Paramus, New Jersey 07652
(201) 291-1122
Attorney for Plaintiff
LJL9768

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------X
THE RESIDENCES AT BAY POINT         : Civil Action #
CONDOMINIUM ASSOCIATION, INC.
                                    :

            Plaintiff               :

    -against-                       : **COMPLAINT AND**
                                    **DEMAND FOR**
                                    : **JURY TRIAL**

THE STANDARD FIRE INSURANCE
COMPANY d/b/a TRAVELERS INDEMNITY   :
AND AFFILIATES and CHERNOFF DIAMOND
& CO, LLC                           :

            Defendants              :
------------------------------------X

Plaintiff, by its attorney, The Law Office of Louis J. Lamatina, as and for its Complaint against the Defendants, states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This action seeks monetary relief for plaintiff, The Residences at Bay Point Condominium Association, Inc. (hereinafter "plaintiff") upon contracts of flood insurance issued by defendant The Standard Fire Insurance Company d/b/a Travelers Indemnity and Affiliates (hereinafter "Standard") for breach of contract.

1

2. Plaintiff also seeks to obtain monetary relief on the basis of Standard's, through its representatives, agents and employees, acts and omissions regarding the procurement of the flood insurance policies for plaintiff, which are not being honored by Standard.

3. This Complaint also seeks damages for the plaintiff from Chernoff Diamond & Co, LLC (hereinafter "Chernoff") an insurance broker retained by the plaintiff, for its acts and omissions in procuring flood insurance coverage for the plaintiff.

### JURISDICTION, THE PARTIES AND VENUE

4. Plaintiff is a New Jersey non-for-profit corporation with its principal place of business located at 320 Maryland Avenue, Point Pleasant Beach, Ocean County, New Jersey which is entrusted with the management of the premises known as The Residences at Bay Point, a residential condominium complex located at 320 Maryland Avenue, Point Pleasant Beach, New Jersey.

5. Defendant Standard is an insurance company, also doing business as Travelers Indemnity and Affiliates, having its principal place of business at One Tower Square, Hartford, Connecticut 06183, which issued flood insurance policies under the FEMA "Write Your Own" (hereinafter "WYO") program (hereinafter sometimes

referred to as the "policies", the "General Property policies" or the "subject policies"), specifically General Property policies insuring both real and personal property located within the State of New Jersey and more particularly, at the Residences at Bay Point.

6. Defendant Chernoff is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 990 Stewart Avenue, Suite 520, Garden City, Nassau County, New York 11530-4869.

7. The claims asserted herein arise out of the 2012 storm known as "Hurricane Sandy" (hereinafter sometimes referred to as the "storm") and relate to the handling of a flood claim by defendant Standard.

8. Because the claims asserted herein arise under the policy, this Court has jurisdiction over this action pursuant to 42 U.S.C. Section 4053, without regard to the amount in controversy or the citizenship of the parties.

9. Venue herein is proper under 28 USC Section 1391 and 42 USC Sections 2000(e)(5)(f)(3). Defendant Standard does business within the State of New Jersey, and the contract of insurance which Standard has breached covered property located in New Jersey. Defendant Chernoff also does business within the State of New Jersey, serving as

an insurance broker for the plaintiff, which is located within the State of New Jersey.

10. This Court also has supplemental jurisdiction of the state law claims brought pursuant to New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, et seq., as well as the pleaded common law claims under New Jersey law pursuant to 28 U.S.C.A Section 1367.

## FIRST CAUSE OF ACTION

### Federal Law Breach of Contract By Defendant Standard

1. At all times relevant to this action, plaintiff's condominium complex was covered by four (4) FEMA flood policies issued by Standard, one for each building at the complex, issued under the WYO program, Policy Nos. 60100092552012, 60100092562012, 60100092572012 and 60100092582012 during the time period when the complex and the individual condominium units therein suffered damage due to the effects of Hurricane Sandy.

2. Each policy carried Two Hundred and Fifty Thousand ($250,000.00) Dollars of coverage, the policy limits for General Property flood policies.

3. Plaintiff complied with the terms of the policies and paid the required premiums.

4

4. Subsequent to the storm, plaintiff notified Standard, through its agents and designees, of the damage to the condominium complex and initiated the claims process.

5. Standard, through its agents, designees and adjusters, subsequently advised of its refusal to honor the policies as written and its unilateral decision to "reform" the policies from the General Property policies it sold to plaintiff to Residential Condominium Building Association Policies (hereinafter "RCBAP").

6. Standard also refused to advance any funds whatsoever since the storm, thus compromising the plaintiff's and its members efforts to address the substantial damage to the community and the individual units within the complex.

7. Owners and renters of the condominium units affected by the storm were displaced for many months, some of which remain displaced from their homes as of the date of the filing of this Complaint.

8. With Settlement Instruction Requests (hereinafter the "Instructions") for each of the four (4) buildings in the complex setting forth a combined offer of $221,635.24, Standard, through its outside adjusters, confirmed its refusal to honor the policy in place by

applying a co-insurance penalties, referred to in the Instructions as a "co-pay", a penalty which is not provided for under the General Property policies sold to the plaintiff, as follows:

| | | |
|---|---|---|
| Building 9 | - | $126,178.70 |
| Building 10 | - | $ 91,166.26 |
| Building 11 | - | $111,268.64 |
| Building 12 | - | $ 33,083.27 |
| TOTAL | | $361,696.87 |

9. As a result of these improper deductions, the Instruction issued by Standard's outside adjuster do not offer adequate or fair compensation for the damages caused by the storm.

10. The attempted unilateral reformation of the polices and the refusal to adequately compensate plaintiff for damages related to the storm under the subject policies is a breach of the insurance contract.

11. As a result, plaintiff and its members have been damaged in an amount not less than $583,332.11.

WHEREFORE, plaintiff demands judgment for compensatory damages, prejudgment interest and attorney's fees from defendant Standard, and such further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (State Law Violation of the Consumer Fraud Act by Standard)

1. Plaintiff repeats and realleges every allegation herein set forth above in the preceding paragraphs as though fully set forth herein.

2. Defendant Standard transmitted four renewal notices to the plaintiff dated February 13, 2013 offering to renew the same exact policy with the same policy limits which it is now refusing to honor.

3. Defendant Standard's acts and omissions, as set forth in the First Cause of Action, and its subsequent attempt to renew the same policies which it now refuses to honor, constitute a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq., as the act, use and employment of an unconscionable commercial practice, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression or omission of material facts, with the intent that the plaintiff rely upon such concealment.

4. As a result, plaintiff and its members have been damaged.

**WHEREFORE**, plaintiff demands judgment for damages, treble damages, expert and attorney's fees and interest

from defendant Standard, and such further relief as this Court may deem just and proper.

### THIRD CAUSE OF ACTION

#### (State Law Negligence by Standard)

1. Plaintiff repeats and realleges every allegation herein set forth above in the preceding paragraphs as though fully set forth herein.

2. Standard owed plaintiff a duty to sell/renew the flood insurance policies it sold to plaintiff which would provide adequate coverage in the event of a covered event.

3. Standard breached that duty owed to plaintiff by selling plaintiff four (4) General Property policies in place at the time of the occurrence which it now states can not or will not be honored.

4. Although plaintiff asserts that the subject policies should be honored as written, in the event this Court determines that the General Property polices do not have to be honored, then Standard has breached its duty to plaintiff by selling and/or renewing inadequate or improper coverage.

5. As a result of Standard's acts and omissions, plaintiff and its members have been damaged.

WHEREFORE, plaintiff demands judgment for compensatory damages, prejudgment interest and attorney's

fees from defendant Standard, and such further relief as this Court may deem just and proper.

### FOURTH CAUSE OF ACTION

### (State Law Breach of Contract by Defendant Chernoff)

1. Plaintiff repeats and realleges herein all facts contained in the preceding paragraphs though fully set forth herein.

2. In the alternative, should it be adjudged that Standard is not liable to the plaintiffs and that the plaintiff can not recover under General Property polices, plaintiff asserts a claim against Chernoff for breach of its contract with the plaintiff to procure adequate and applicable flood insurance for the plaintiff.

3. As a result, plaintiff and its members have been damaged.

WHEREFORE, plaintiff demands judgment for compensatory damages, prejudgment interest and attorney's fees from defendant Chernoff, and such further relief as this Court may deem just and proper.

### FIFTH CAUSE OF ACTION

### (State Law Negligence by Defendant Chernoff)

1. Plaintiff repeats and realleges herein all facts

contained in the preceding paragraphs though fully set forth herein.

2. Plaintiff retained Chernoff to assist in procuring insurance coverage, including the subject flood policies, for plaintiff's premises.

3. Chernoff owed plaintiff a duty to act with reasonable skill and diligence in performing the services of a broker with regard to the flood insurance policies sold to plaintiff by Standard so that the policies would provide adequate coverage in the event of a covered event.

4. Chernoff breached that duty owed to plaintiff by selling, placing and/or renewing the four (4) General Property policies in place at the time of the occurrence which Standard now states can not or will not be honored.

5. Although plaintiff asserts that the subject policies should be honored as written, in the event this Court determines that the General Property polices do not have to be honored as written, then Chernoff has breached its duty to plaintiff by selling, placing and/or renewing inadequate or improper coverage.

6. As a result, plaintiff and its members have been damaged.

WHEREFORE, plaintiff demands judgment for compensatory damages, prejudgment interest and attorney's

fees from defendant Chernoff, and such further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests trial by jury of all issues so triable.

                                            THE LAW OFFICE OF
                                            LOUIS J. LAMATINA

                                   By: _____
                                         Louis J. Lamatina, Esq.

Dated:    April 9, 2013